**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDULLAH HAMEED, | CIVIL ACTION NO. 15-6427 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| AMC NETWORK ENTERTAINMENT LLC, et al., | |
| Defendants. | |

**LINARES, District Judge**

**IT APPEARING THAT:**

1.   Currently pending before the Court is the motion by the defendants to transfer this action to the United States District Court for the Northern District of Georgia, among other alternative relief. See 28 U.S.C. § 1404(a) (concerning a change of venue of a federal action). (See dkt. 25 through dkt. 25-4; dkt. 29 through dkt. 29-3.)[1] The plaintiff, Abdullah Hameed, opposes the defendants' motion. (See dkt. 28 through dkt. 28-7; dkt. 30-1 through dkt. 30-8.)

2.   The Court resolves the defendants' current motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

Court orders this action to be transferred to United States District Court for the Northern District of Georgia.

3. The Court has set forth the factual context and the procedural history of this action in two earlier Orders, and thus the Court will only set forth a brief summary here for the parties. (See dkt. 10; dkt. 24.) The plaintiff, who is a citizen of New Jersey, alleges that he sustained serious personal injuries when he was struck by a moving truck while he was a pedestrian (hereinafter referred to as, "the Accident") in Fulton County, Georgia, which is located within the area covered by the United States District Court for the Northern District of Georgia. (See dkt. 1 at 2–3.)

4. The defendant Lisa Reynolds, who is a citizen of Georgia, was the driver of that truck (hereinafter, "the Truck"). (See dkt. 1 at 3; dkt. 25-1 at 10.) The defendants Special Effects International, Inc. (hereinafter, "SEII") and Bob Shelley's Special Effects Inc. (hereinafter, "Shelley's Effects"), both of which are deemed to be citizens of Georgia, allegedly owned or leased the Truck and employed Reynolds at the time of the Accident. (See dkt. 1 at 2–3; dkt. 25-1 at 10.)

5. At the time of the Accident, SEII and Shelley's Effects allegedly were performing work for the defendant AMC Network Entertainment LLC (hereinafter, "AMC"), which is deemed to be a citizen of Delaware and New York. (See dkt. 1 at 2–3; dkt. 25-1 at 10; dkt. 28 at 4; dkt. 30-8 at 2–3; see also dkt. 28-2 at 2 (an insurance policy providing coverage to AMC for its use of third party companies to produce television programming).) See also Cho v. AMC Networks Entertainment LLC, C.D. Cal. Civil

2

Action No. 15-3099, dkt. 1 at 5–7 (AMC properly pleading in a Notice of Removal in a recent action that it is deemed to be a citizen of Delaware and New York).

6. In an order dated December 10, 2015 (hereinafter, "the December 2015 Order"), the Court granted the defendants' unopposed motion pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss the complaint **without prejudice** on the grounds of improper venue, with leave to the plaintiff to reinstate the action in an appropriate venue. (See dkt. 10 at 3.)

7. Thereafter, the Court granted the plaintiff's motion to vacate the December 2015 Order and to reinstate this action, and thus the Court vacated the December 2015 Order in its entirety. (See dkt. 24 at 1–7.) The defendants then moved to transfer the action to the Northern District of Georgia. (See dkt. 25.)

8. It is not necessary for the Court to restate the standard for resolving a motion to transfer a federal action to a different venue pursuant to Section 1404(a), because that standard has been already enunciated and is well-settled. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879–80 (3d Cir. 1995) (setting forth the standard and the factors to be considered); see also In re Amendt, 169 Fed.Appx. 93, 96 (3d Cir. 2006) (reiterating the holding in Jumara). However, it should be noted that the Court possesses the broad discretion to transfer an action to a federal district where the action might have been brought. See 28 U.S.C. § 1404(a); see also Jumara, 55 F.3d at 875; id. at 877 n.3; id. at 883.

**9.** The Court concludes that it would have been more appropriate for this action to have been brought in the Northern District of Georgia, and therefore the Court transfers the action there.

**10.** The following factors favor a transfer of this action to that venue:

(a) the conduct underlying the Accident occurred there;

(b) the injuries sustained by the plaintiff in the Accident arose there, and the plaintiff received treatment from first responders and in a hospital there immediately after the Accident (see dkt. 28-1 at 2–5 (Georgia Motor Vehicle Accident Report, which states that the plaintiff was transported to Grady Memorial Hospital in Atlanta, Georgia));

(c) three of the four defendants are Georgia citizens;

(d) AMC can be found there, even though it is not a citizen of Georgia, because it has a business relationship with SEII and Shelley's Effects;

(e) the citizens of Georgia will have an interest in the outcome of this action, because the Accident occurred there;

(f) a District Court sitting in the Northern District of Georgia will be more familiar with the site of the Accident;

(g) most of the non-party witnesses to the Accident probably live and work near or within the Northern District of Georgia;

(h) the evidence concerning the site of the Accident will be found there;

(i) Reynolds, who was the driver of the Truck, ultimately entered a plea of guilty to a charge of reckless driving due to her conduct underlying the Accident

4

pursuant to the law of Georgia (see dkt. 17-9; dkt. 30-2), and thus the effect of that conviction upon the issues in this action — for example, the potential liability of the other defendants — will be assessed under the law of Georgia; and

(j) a District Court sitting in the Northern District of Georgia can easily apply controlling Georgia law.

See In re Christian, 403 Fed.Appx. 651, 652 (3d Cir. 2010) (denying a petition for a writ of mandamus to compel a Pennsylvania district court to vacate an order that transferred a case to a Virginia district court, and reasoning that not all of the defendants resided in Pennsylvania, and that the events at issue arose in Virginia); Peller v. Walt Disney World Co., No. 09-6481, 2010 WL 2179569, at *1–2 (D.N.J. May 28, 2010) (transferring an action brought by a New Jersey citizen who suffered an injury in Florida to a Florida district court); Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (transferring an action brought by a New Jersey citizen to Nevada, because the claim arose in Nevada, Nevada had a local interest in determining the local negligence issue, a Nevada district court would be more familiar with Nevada law, and the relevant evidence was in Nevada).

11. The fact that the plaintiff is a citizen of New Jersey does not outweigh the aforementioned factors that make Georgia the more-appropriate venue for this action. See Shubert v. Marriott Int'l, Inc., No. 15-5111, 2016 WL 245252, at *2 (D.N.J. Jan. 21, 2016) (holding in a personal injury action that "when the dispute central to a lawsuit arose from events that occurred almost exclusively in another state, as is the case here,

5

courts give substantially less weight to the plaintiff's forum choice"); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) (holding that "[t]he choice of forum by a plaintiff is simply a preference; it is not a right"); Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995) (holding that a plaintiff's choice of venue is not "decisive," and that the choice is accorded less deference "when the central facts of a lawsuit occur outside of the chosen forum").

12. Furthermore, the convenience of counsel is not a consideration as to the issue of the proper venue for an action. See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973). The Court also notes that the plaintiff has previously admitted that a transfer of this action to the Northern District of Georgia could be appropriate. (See dkt. 11-2 at 11–12; dkt. 22-1 at 2–5.)

13. In addition, the fact that the plaintiff has subsequently received medical treatment in New Jersey for his alleged injuries that were sustained in the Accident is not a controlling factor. See Skyers v. MGM Grand Hotel LLC, No. 14-4631, 2015 WL 1497577, at *3 (D.N.J. Apr. 1, 2015) (granting a motion to transfer an action to Nevada, and rejecting the plaintiffs' argument that the action should be in the plaintiffs' home venue of New Jersey where the injured plaintiff's medical treatment was ongoing); Green v. Desert Palace, Inc., No. 10-908, 2010 WL 1423950, at *1–2 (D.N.J. Apr. 8, 2010) (transferring an action, and rejecting the plaintiff's argument that the action should be in the plaintiff's home venue of New Jersey where her medical treatment was ongoing);

Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (holding the same).

**14.** The plaintiff expresses some concern that his claims will be dismissed by a District Court in the Northern District of Georgia pursuant to the relevant Georgia statute of limitations for personal injuries when this action is transferred there. (See dkt. 28 at 11–12.) That concern is without justification. First, the Court is not dismissing the plaintiff's claims at this juncture; rather, the Court is merely transferring the claims to a different venue. Second, the December 2015 Order wherein the Court granted an earlier motion to dismiss by the defendants will have no effect upon the statute of limitations in Georgia, because: (a) the Court granted that previous motion as being unopposed, and then dismissed the complaint **without prejudice**; and (b) in any event, the Court subsequently vacated the December 2015 Order in its entirety. (See dkt. 10 at 3; dkt. 24 at 7.)[2]

**15.** The Court is authorized to address the propriety of transferring this action to another venue, regardless of whether or not the Court has personal jurisdiction over the defendants. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962). While "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, . . . a court may reverse the normal order of considering personal jurisdiction and venue," and thus the Court is empowered

---

[2] The current docket entry describing the December 2015 Order states, "(VACATED) ORDER." (Dkt. 10.)

7

to transfer this action to the Northern District of Georgia now. Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979).

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this ___*1ST*___ day of May, 2017, **ORDERED** that the defendants' motion to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Georgia, among other alternative relief **(dkt. 25)**, is **GRANTED IN PART AND DENIED IN PART** as follows:

**GRANTED TO THE EXTENT** that the motion concerns the transfer of this action to the United States District Court for the Northern District of Georgia, and it is further

**DENIED AS MOOT TO THE EXTENT** that the motion concerns other alternative relief; and it is further

**ORDERED** that the plaintiff's cross motion for summary judgment **(dkt. 30)** is **ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE**, and with leave to the plaintiff to move again for such relief upon the transfer of this action to the United States District Court for the Northern District of Georgia; and it is further

**ORDERED** that the Clerk of the Court **TRANSFER THIS ACTION** to the United States District Court for the Northern District of Georgia; and it is further

**ORDERED** that the Clerk of the Court designate this action, insofar as it exists in the United States District Court for the District of New Jersey, as **CLOSED**.

_____
**JOSE L. LINARES**
United States District Judge